# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Kelvin Wilson,

    Petitioner

v.

Jo Gentry,

    Respondent

2:17-cv-01254-JAD-VCF

**Order Denying Motion for Counsel and Directing the Petitioner to Show Cause Why this Petition Should Not Be Dismissed as Time-Barred**

[ECF No. 2]

Pro se petitioner Kelvin Wilson brings this habeas petition under 28 U.S.C. § 2254 to challenge his 2007 conviction for robbery with use of a deadly weapon. In reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases, I note that the conviction and sentence Wilson seeks to challenge appear to have been entered in May of 2007, and the judgment was not followed by a direct appeal or post-conviction proceedings. So, it does not appear that Wilson initiated this action within the one-year limitation period in 28 U.S.C. §2244(d)(1). I therefore give Wilson until September 27, 2017, to show cause why this petition is timely, and I also deny his request for counsel.

**I.    Order to Show Cause Why this Petition is Timely**

The one-year limitation period for federal habeas petitions begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review," unless it is otherwise tolled or subject to delayed accrual.[1] 28 U.S.C. § 2244(d)(2) tolls that federal limitation period during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. But if a state court determines the collateral challenge was not timely filed under state law, the collateral challenge is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).[2] In other words, "[w]hen a

---

[1] 28 U.S.C. § 2244(d)(1)(A).

[2] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."[3] And once a timely filed state post-conviction proceeding has concluded, the statutory time clock starts running again.

When certain circumstances exist, the one-year limitation period may begin running on a later date or may be statutorily tolled.[4] Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.[5] Equitable tolling is "unavailable in most cases,"[6] and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."[7] The petitioner ultimately has the burden of proof on this "extraordinary exclusion,"[8] and he must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing.[9]

I thus invoke the Ninth Circuit opinion in *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), and *sua sponte* raise the question of whether this petition is time-barred because Wilson did not file it within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Wilson must show cause in writing why this petition should not be dismissed with prejudice as time-barred. He has until September 27, 2017, to file a written response to this order demonstrating why his petition is not time-barred. If he fails to file anything, or his response does not persuade the court that his petition is timely, this case will be dismissed without further prior notice.

---

[3] *Id*. at 414 (citation omitted).

[4] *See* 28 U.S.C. § 2244(d)(1)(B-D) & (d)(2).

[5] *Holland v. Florida*, 130 S. Ct. 2549, 1085 (2010).

[6] *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

[7] *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

[8] *Miranda*, 292 F.3d at 1065.

[9] *See, e.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

## II. Motion for Appointment of Counsel

Wilson has also filed a motion for appointment of counsel.[10] There is no constitutional right to appointed counsel for a federal habeas corpus proceeding[11] but Title 18 U.S.C. §3006A(a)(2)(B) gives the district court discretion to appoint counsel when the "interests of justice" require representation. While the decision to appoint counsel is generally discretionary,[12] counsel must be appointed if the case is so complex that denying counsel would amount to a denial of due process or the petitioner's education is so limited that he is incapable of fairly presenting his claims.[13]

The initial threshold issue of timeliness that I raise in this order is not complex. Thus, appointment of counsel is not warranted at this point in the proceeding and I deny Wilson's motion. If Wilson succeeds in demonstrating that his petition is timely, Wilson may move the court to reconsider his request for counsel.

## III. Conclusion

IT IS THEREFORE ORDERED that the Clerk of Court is directed to **file the petitioner's petition for writ of habeas corpus (and attached exhibits).**

IT FURTHER IS ORDERED that **Wilson has until September 27, 2017, to show cause in writing why the petition should not be dismissed** with prejudice as time-barred. If petitioner does not timely respond to this order, or if the court is not persuaded by his argument, the petition will be dismissed with prejudice as time-barred without further advance notice.[14] **No**

---

[10] ECF No. 2.

[11] *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[12] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

[13] *See Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

[14] This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies. For example, it also appears as if Wilson has not exhausted state court remedies with respect to his claim for habeas relief. *See* 28 U.S.C. § 2254(b).

**extension of time will be granted to respond to this order except in the most compelling of circumstances.** All assertions of fact made by petitioner in response to this show-cause order must be detailed, specific as to time and place, and supported by competent evidence. The court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel **(ECF No. 2) is DENIED.**

DATED: August 28, 2017.

_____
Jennifer A. Dorsey
United States District Judge